IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROMONA Y. KENNARD, et al.,             ) | |
|                                        ) | |
|       **Plaintiffs,**      ) | |
| vs.                                    ) | No. 3:18-CV-0044-M (BH) |
|                                        ) | |
| AUSTIN TEXAS ADVOCACY'S MHMR           ) | |
| MENTAL HEALTH,                         ) | |
|       **Defendant.**      ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court is an *Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*, filed January 8, 2018 (doc. 5), signed by Romona Y. Kennard. Based on the relevant filings and applicable law, the application should be denied, and the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Romona Yvette Kennard (Plaintiff) initially filed this action on January 8, 2018, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.)  Although her filings list Austin Texas Advocacy's MHMR Mental Health as the plaintiff, it appears that Plaintiff is attempting to sue that entity on her own behalf as well as that of her mother, Johnnie Mae Lewis. (*See* doc. 3 at 2; doc. 4.)  By *Notice of Deficiency and Order* dated January 10, 2018, she was notified that her application to proceed IFP did not provide enough information because it had not been completed. (*See* doc. 6.)  The order specifically advised Plaintiff that she must file a fully completed IFP application within fourteen days, and that a failure to do so could result in the dismissal of her case. *Id.*  A second *Notice of Deficiency and Order,* also dated January 10, 2018, advised Plaintiff that she could not represent her mother in this case; if her mother wished to pursue any claims on her own

behalf, she must file a complaint under her own signature or jointly file an amended complaint with Plaintiff that was signed by both. (*See* doc. 7.) The order also noted that Plaintiff's mother must file a separate IFP application if she wished to proceed IFP, and that any complaint and IFP motion must be filed within fourteen days. *Id.* More than fourteen days from the date of the order have passed, but Plaintiff has not filed an IFP application or anything else in this case, and neither has anyone else.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that she submit a new IFP application despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to file a notice of change of address or follow a court order or otherwise show that she intends to proceed with this case despite notice of the consequences of any failure to comply, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits her completed application within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED** on this 31st day of January, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE